```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

JOHNNIE L. WILLIAMS,

       Plaintiff,

v.                                       Case No: 2:25-cv-00874-JES-NPM

STEPHANIE V. DANIELS, DIRECTOR, MIAMI DADE POLICE DEPARTMENT, in her Official Capacity; DEPARTMENT OF FINANCIAL SERVICES; FRANCIANNE DORVILUS, in her Official Capacity; and OFFICER D. FORBES, BADGE # 0055, in his Individual Capacity,

       Defendant.

---

## **OPINION AND ORDER**

This matter comes before the Court on review of three motions to dismiss and response:

- Defendant Department of Financial Services ("DFS") filed a Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. #8).

- Defendant Francianne Dorvilus ("Dorvilus") filed a Motion to Dismiss Complaint (Doc. #9).

- Defendant Donald Forbes ("Forbes") filed a Motion to Dismiss Complaint (Doc. #10).

- Pro Se Plaintiff Johnnie L. Williams ("Williams") filed a Response in Opposition (Doc. #12) to all three motions.

For the reasons set forth below, all motions are granted in part and otherwise deferred.

The Eleventh Amendment of the United States Constitution protects states from being sued in federal court without the state's consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). Absent a state's consent, it may only be sued where Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity. See DeKalb Cnty. Sch. Dist. V. Schrenko, 109 F.3d 680, 688 (11th Cir. 1997)(citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984)). In this case, Plaintiff is only seeking monetary damages where the State of Florida has not waived its immunity from suit, nor has Congress waived such immunity. (Doc. #1.) As such, Williams's Complaint must be dismissed as to DFS pursuant to the Eleventh Amendment.

A plaintiff may bring a civil action in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action. See 28 U.S.C. § 1391(b). Given that DFS has been dismissed from the instant case pursuant to Eleventh Amendment immunity, this Court is not the proper venue. The remaining three defendants all reside in Miami-Dade County and the events identified in Plaintiff's Complaint all occurred in Miami-Dade County. Further, while Stephanie V. Daniels ("Daniels") has not yet appeared before this Court, Daniels will not be prejudiced by the transfer since Daniels is also located in the Southern District of Florida. As such, venue is proper in the Southern District of Florida and the case should be transferred pursuant to 28 U.S.C. § 1404(a).[1]

For the reasons set forth in this order, all three motions will be granted in part and otherwise deferred.

Accordingly, it is now

**ORDERED:**

(1) Department of Financial Service's Motion to Dismiss Plaintiff's Complaint, as to its Eleventh Amendment immunity, is **GRANTED** and it is dismissed without prejudice.

---

[1] Given that this Court has transferred the case, it will not analyze Dorvilus's or Forbes's argument that Plaintiff's Complaint fails to state a claim. Further, the Court notes that upon reading William's Response he only opposes having his case dismissed and not transferring venue. (Doc. #12.)

(2) Francianne Dorvilus's Motion to Dismiss Complaint as to venue is **GRANTED** to the extent the Complaint is transferred to the Southern District of Florida.  The motion to dismiss for failure to state a claim is deferred for consideration by the transferee court.

(3) Donald Forbes's Motion to Dismiss Complaint as to venue is **GRANTED** to the extent the Complaint is transferred to the Southern District of Florida. The motion to dismiss for failure to state a claim is deferred for consideration by the transferee court.

(4) The Clerk is directed to transfer this case to the Miami Division of the Southern District of Florida for all further proceedings.  The Clerk shall terminate all deadlines and close the Fort Myers files.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of January 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-4-